## MERRILL v. HARBACH.

*Appeal from Lucas District Court — Friday, September 19.*

ACTION in equity for specific performance. Judgment for defendant. Plaintiff appeals. The facts necessary to an understanding of the case are stated in the opinion.

*Stewart & Brothers* for the appellant — *Perry & Townsend* and *Halls & Baldwin* for the appellee.

MILLER, J. — The plaintiff states in his petition that about the 28th day of May, 1869, he purchased of the defendant, through her duly authorized agents, G. W. Wilkerson and T. W. Newman, the north-west 1-4 of the north-east 1-4 of section 33, township 71, north of range 21 west, in Lucas county, Iowa, at and for the price of $6 per acre, payable, one-third in cash on delivery of the deed, and the balance in one year, secured by mortgage on the land, and bearing ten per cent interest ; also that plaintiff was to pay the commission of the defendant's agent, for negotiating said sale and purchase, $25 ; that said contract was not in writing, but by the terms thereof plaintiff was to take possession of said land, which was still wild, uncultivated prairie ; that, in pursuance of said contract, plaintiff did immediately thereafter take possession of said land, and, with the knowledge and assent of the defendant, has made valuable improvements thereon.

Plaintiff avers his willingness to comply with the terms of his agreement, and alleges that the defendant refuses to convey the land in accordance therewith.

The answer of the defendant is in substance a denial of all the allegations of plaintiff's petition.

The evidence shows that the defendant resides in Burlington, Iowa, and did so at the time of the alleged purchase of the land in controversy ; T. W. Newman was and still is an attorney at law, also residing at Burlington ; J. W. Wilkerson was an attorney at law, residing at Chariton, in Lucas county, where the land in controversy is situated, and where the plaintiff also resides.

The evidence is clear and there is no controversy in respect to the facts that Newman, at Burlington, and Wilkerson, at Chariton, assuming to be authorized to do so, did negotiate a sale of the land in controversy, in behalf of the defendant, to the plaintiff, at the time, for the price and upon the terms alleged by plaintiff. It is in evidence that the plaintiff applied to Wilkerson to purchase the land, who wrote to Newman in respect thereto, stating that " Merrill wanted an early answer, as he wanted to improve the land," and "that $6 per acre was all the land was worth, or a good price for it."

To this letter Newman answered as follows:

"BURLINGTON, IOWA, *May* 26, 1869.

"G. W. WILKERSON, Chariton, Iowa:

"Yours was duly received, and Mrs. Harbach directs me to say that she knows nothing about the value of the land, but wants to sell at a fair price, and, from my knowledge of you, desires me to say that if you are satisfied that six dollars per acre is a fair price, to sell, otherwise not. If you sell, send a deed, and we will share fees.

"T W. NEWMAN."

The principal facts in controversy are as to whether Mr. Newman was authorized by the plaintiff to bind her by this letter, and, if so, whether $6 per acre was a fair price for the land. In respect to the first there is a conflict in the testimony; but if it should be conceded that Mr. Newman was not originally authorized to thus direct a sale of the land, so as to bind the plaintiff thereby, the evidence makes it clear and satisfactory that she subsequently ratified and confirmed the acts of Newman in the premises, and that she fully intended to carry out the contract of sale, and would have done so but for the interference of her son-in-law, Miller.

The evidence makes it appear very satisfactorily, also, that the land was not worth more than $6 per acre at the time of the alleged sale. In a word, we are well convinced, from the evidence, of the truth of the allegations of the petition. They being established, the plaintiff is entitled to a specific performance of the alleged contract. Upon payment of the purchase-money, with ten per cent interest thereon up to the time of commencement of this suit, to the clerk of the district court, for the use of the defendant, the plaintiff will be entitled to a proper conveyance from the defendant to the land in controversy.

The cause will be remanded with directions to the court below to enter a decree in conformity with this opinion; or, if the plaintiff so elect, such decree will be entered in this court.

Reversed.